# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 13-10146
Summary Calendar

JOSE ALFREDO GUADIAN-SALAZAR,

Plaintiff-Appellant

v.

GOVERNMENT EMPLOYEE'S INSURANCE COMPANY; LINDA BROWN,
Claim Examiner-H083; WILLIAM W. WOOD, Policy Holder/Insured,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CV-43

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Guadian-Salazar (Guadian), federal prisoner # 78944-179, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous. By moving for IFP status here, Guadian is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Guadian's brief on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

makes only a conclusional assertion of good faith. He does not address the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, his challenge to the district court's certification decision is deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Guadian has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Therefore, Guadian's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Guadian's complaint as frivolous in the district court and the dismissal of his appeal each counts as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Guadian is CAUTIONED that if he accumulates three § 1915(g) strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).